**LEE LAW OFFICES**
KENYON MARK LEE (CSBN 94102)
MONIKA P. LEE (CSBN 117019)
1700 South El Camino Real, Suite 450
San Mateo, California 94402
Telephone: (650) 212 3400
Facsimile: (650) 212 3404

STEVE SCHIRLE, SBN 96085
CESAR V. ALEGRIA, JR. SBN 145625
PACIFIC GAS AND ELECTRIC COMPANY
P.O. Box 7442
San Francisco, CA 94120

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASH B. GHOSH,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BEKELEY, ZACHARY D. COWAN, LAURA MCKINNEY, MARK RHOADES, JOAN MacQUARRIE, MATTHEW LeGRANT, PATRICK EMMONS, BERKELEY HOUSING AUTHORITY, TIA INGRAM, J. BENJAMIN MCGREW, PACIFIC GAS AND ELECTRIC COMPANY, KORMAN & NG, ROBERT RICHERSON, and Doe 1 GREG HEIDENREICH, and Doe 2 MALCOLM D. PRINCE, Doe 3 FRANK TULP and DOES 1-10.<br><br>Defendants. | Case No.   CV-14-02922 MMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PG&E'S MOTION TO DISMISS AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br>Fed. R. Civ. Proc. 12 (b) (6); 12 (e)<br><br>Date:      December 19, 2014<br>Time:      9:00 a.m.<br>Court.:     450 Golden Gate Avenue, San Francisco, CA<br>Dept.:     Courtroom 7<br>Judge:    Hon. Maxine Chesney<br><br>Complaint filed: June 24, 2014 |

TABLE OF CONTENTS

I.  INTRODUCTION AND BACKGROUND ........................................................................1

II. ARGUMENT .................................................................................................................2

    A.  Legal Standards ...................................................................................................2

    B.  The Complaint Fails to State a Recognizable Claim for Relief Against PG&E ....................................................................................................................4

    C.  Any Plausible Claim for Relief is Barred by the Statute of Limitations ...................8

    D.  Any Plausible Claim for Relief is Barred by Res Judicata and Collateral Estoppel ...............................................................................................................8

    E.  The Summons is Defective ..................................................................................9

    F.  Service of the Summons Was Untimely Under the 120-Day Rule ............................9

    G.  PG&E is Entitled to a More Definite Statement .....................................................10

III. CONCLUSION ...............................................................................................................10

TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, (2009) .................................................................................. 2

*Ayres v. Jacobs & Crumplar, P. A.* 99 F3d 565, 568 (3rd Cir. 1996) ............................................ 10

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ..................................................................... 2

*Bloom v. Martin*, 865 F. Supp. 1377 (N.D. Cal. 1994) ............................................................. 4

*Branch v. Tunnell,* 14 F 3d 449 (9th Cir. 1994) ....................................................................... 3

*Coto Settlement v. Eisenberg*, 593 F. 3d 1031 (9th Cir. 2010) ................................................. 3

*Fayer v. Vaughn*, 649 F.3d 1061 (9th Cir. 2011) ..................................................................... 3

*Frame v. City of Arlington,* 657 F.3d 215 (5th Cir. 2011) ......................................................... 8

*Gianna Enterprises v. Miss World (Jersey) Ltd*, 551 F. Supp. 1348 (S.D.N.Y. 1982) .................. 10

*Haley v. City of Boston,* 657 F 3d 39, 46 (1st Cir. 2011) ........................................................... 3

*In re CMR Mtg. Fund, LLC*, 416 B.R. 720 (Bankr. N.D. Cal. 2009) .......................................... 2

*In re Verifone Sec. Litig.*, 11 F.3d 865 (9th Cir. 1993) ............................................................. 2

*Intri-Plex Technologies, Inc. v. Crest Group, Inc.,* 499 F3d 1048 (9th Cir. 2007) ......................... 3

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) ....................................................... 4

*Mann v. Castiel,* 681 F3d 368 (D.C. Cir. 2012) ...................................................................... 10

*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) ...................................................................... 3

*McHenry v. Renne,* 84 F3d 1172 (9th Cir. 1996) .................................................................... 11

*Pacific Lumber Co. v. State Water Resources Control Board*, 37 Cal. 4th 921 (2006) ................ 9

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ............................................. 3

*Supermail Cargo, Inc. v. United States*, 68 F.3d 1204 (9th Cir. 1995) ...................................... 4

*Tempur-Pedic Int'l Inc. v. Angel Beds LLC,* 902 F. Supp. 2d 958 (S.D. TX 2012) ..................... 11

*Thrasher v. City of Amarillo,* 709 F3d 509, 512 (5th Cir. 2013) ................................................ 10

*Vess v. Ciba-Geigy Corp*. USA, 317 F.3d 1097 (9th Cir. 2003) ................................................ 4

W. *Mining Council v. Watt*, 643 F.2d 618 (9th Cir. 1981) ......................................................... 3

*Wei v. State of Hawaii,* 763 F2d. 370, 372 (9th Cir. 1985) ....................................................... 10

Rules

Federal Rule of Civil Procedure 4(a)(1)(G) ............................................................................... 9

Federal Rule of Civil Procedure 4(m) ........................................................................................ 9

Federal Rule of Civil Procedure 8 ............................................................................................ 10

Federal Rule of Civil Procedure 9 .............................................................................................. 6

Federal Rule of Civil Procedure 12(b)(6) ................................................................................... 2

Federal Rule of Civil Procedure 12(e) ...................................................................................... 10

Tariff Rule 11 .............................................................................................................................. 9

Statutes

Cal. Civ. Proc. Code §338 ........................................................................................................... 8

Other

Berkeley Municipal Code Section 19.30.040; 19.48.020 ........................................................... 7

## I. INTRODUCTION AND BACKGROUND

This case arises out of a long-standing dispute between the City of Berkeley ("the City") and a property owner in violation of numerous health and safety code provisions pertaining to two addresses within the City of Berkeley. The owner and plaintiff herein, Rash Ghosh, seeks "restitution of deposits delivered to the Receiver" and "attorney's fees" and "costs of suit" for alleged violations of his constitutional rights. In the midst of his battles with the City, additional third-parties have somehow gotten swept up by the indiscriminate and broad cast of plaintiff's net of accusations of wrong-doing. One of them is the utility provider to his two properties, Pacific Gas and Electric Company ("PG&E"). Out of the ninety-one paragraphs of allegations (mostly unintelligible and repetitive), the sole activity alleged by plaintiff to be the basis for PG&E's liability is its termination of electrical power supplied to the properties deemed to be unsafe and imminent hazard to its occupants and neighbors. This activity by PG&E was carried out at the express instructions of the City's Fire Marshal, Building Officer, and Zoning Officer, reflected in the orders dated September 7 and 21, 2007. (*See* Exs. 1 and 2 to Declaration of Kenyon Mark Lee, --"Lee Decl." -- and Request for Judicial Notice).

PG&E submits that the amended complaint must be dismissed on the grounds that: (1) it is so vague and unintelligible that it completely fails to state a viable claim for relief under Rule 12 (b)(6); (2) the alleged conduct took place pursuant to the 2007 orders, some seven years prior to the filing of this action, and must necessarily be barred by the statute of limitations for any and all of the plausible claims; (3) the claims have been previously raised by plaintiff in another forum and so the principles of res judicata and collateral estoppel bar the re-litigation in this forum; (4) plaintiff has failed to serve a summons associated with the amended complaint, instead serving one issued in connection with the original complaint; (5) plaintiff has failed to timely serve the summons and complaint within 120 days of the filing of the complaint; (6) plaintiff has failed to served a summons that is properly issued by the clerk of the court being unsigned, undated. Rule 12 (b) (4) and (5).

Finally, even if the defects can be ignored, and the statute of limitations does not bar the

claim, the rambling, incoherent, allegations require a more definite statement under Rule 12 (e) so that PG&E is on notice of the kind of claims being made against it.

## II.   ARGUMENT

### A.  Legal Standards

<u>Plausible Claim Required.</u> Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege facts sufficient to state a claim for relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a complaint must set forth sufficient facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-679 (2009). "Allegations based upon mere possibility, suspicion, or speculation are insufficient.  Rather the plaintiff must plead specific facts providing a plausible basis to conclude the essential elements of the asserted claim are met." *In re CMR Mtg. Fund, LLC*, 416 B.R. 720, 728 (Bankr. N.D. Cal. 2009) (Carlson, Bankr. J.).

<u>Inferences Drawn.</u> While the court must accept as true all properly pled allegations of material fact, it is not required to indulge in unwarranted inferences to save a complaint from dismissal. *In re Verifone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993).  Similarly, conclusions couched as factual allegations are not entitled to deference. *Iqbal*, 556 U.S. at 678 ("naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do").  The Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (*per curiam*) (quoting W. *Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981)).  The court may also disregard all allegations that contradict matters subject to judicial notice or material attached to or incorporated by reference into the complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule12 (b)(6)'").

<u>Incorporation of Documents.</u> Documents are deemed incorporated in the complaint if the complaint necessarily relies on them, authenticity is not in question, and they are relevant. *See*

1. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents . . . where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.")

The court can also augment the facts . . . from the body of the complaint with "data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice. *Haley v. City of Boston* 657 F 3d 39, 46 (1st Cir. 2011).

Documents referred to in the complaint but not attached may be attached to a defendant's Rule 12 (b) (6) motion to show that they do not support plaintiff's claim. *Branch v. Tunnell,* 14 F 3d 449, 454 (9th Cir. 1994) (overruled on other grounds).

In any event, there are matters that are subject to judicial notice, documents on which this court may rely, in ruling on this motion. The court may properly consider matters of public record (records of administrative bodies) as long as the facts noticed are not subject to reasonable dispute. *Intri-Plex Technologies, Inc. v. Crest Group, Inc.* 499 F3d 1048, 1052 (9th Cir. 2007).

<u>Pleading Fraud</u>. When a plaintiff alleges fraud, the complaint must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). It must allege "with particularity" the "circumstances constituting fraud." Rule 9(b) applies to all allegations that "sound in fraud," even if they are pleaded in support of a cause of action in which fraud is not an essential element. *Vess v. Ciba-Geigy Corp*. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003). To satisfy Rule 9(b), the complaint must specify the "who, what, when, where, and how" of the fraudulent conduct charged. *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124 (9th Cir. 2009). Allegations that fail to satisfy these requirements are "disregarded" or "stripped from" the complaint. *Id.*

<u>Statute of Limitations May be Raised.</u> A statute of limitations defense may be raised on a motion to dismiss. *Bloom v. Martin*, 865 F. Supp. 1377, 1386 & n.12 (N.D. Cal. 1994); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (motion to dismiss based on the running of the statute of limitations period may be granted "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.").

**B. The Complaint Fails to State a Recognizable Claim for Relief Against PG&E**

Plaintiff recites allegations of wrongdoing that arise out of plaintiff's attempted improvements to his two Berkeley properties, and his efforts to obtain city approval of those improvements. The alleged activities start in 1991 (Amended Complaint, ¶ 3) and essentially end on February 3, 2011 with the transference of the property to the receiver (Amended Complaint, ¶ 74).

It is virtually impossible to make sense of the rambling allegations made by plaintiff. But what is certain is that the very few references (in charging allegations) to PG&E occur at seven paragraphs: ¶¶ 45, 52a, 64, 66-68, and 77.

In paragraph 45, plaintiff alleges that "Inspector Heidenreich, on 2/28/2008 fraudulently told PG&E to disconnect the electricity to the Dwight Way building because of a serious electrical hazard, contradicting Senior Inspector Mr. Messenger; but PG&E would not disconnect."

In paragraph 47, the reference to PG&E is: "he could not give PG&E a release without the permission of supervisor MacQuarrie." And in a reference to a conversation between plaintiff and electrician Greg Carey:  "I would like you to request that PG&E disconnect the overhead and take them back to the poles for both buildings." But given the poor drafting one cannot tell who the speaker is and who is being addressed. What is clear is that PG&E's mention is essentially passive, the object of the discussion, and not the actor of conduct that might form the basis for a claim for relief.

In paragraph 52a, plaintiff alleges that "PG&E bills Plaintiff for disconnection of services . . . although this disconnection had been made illegally at the request of the Berkeley Police Department which acted under the direction of Building Chief Joan MacQuarrie."

Paragraph 64 is virtually a word-for-word repeat of paragraph 47, with the addition of half of the final sentence. None of this implicates PG&E in any conduct leading to a claim, nor does plaintiff so allege.

Paragraph 66 alleges that the City's Mr. Emmons requested PG&E to terminate electrical service due to electrical hazards and danger to life and safety, and that "PG&E later disconnected electrical service."

Paragraph 67 is the second allegation (after ¶52a) against PG&E that suggests an act or omission, but it still does not lead to a claim for relief. Here, plaintiff alleges that "Despite many requests PG&E did not conduct electrical safety inspections of the property requested between 2007-2010, which made it impossible for Plaintiff to secure loans. . . ." Even if plaintiff had alleged some basis for such a duty to plaintiff to inspect, and consequently a claim arising out of a breach of that duty, the claim would be barred by the statute of limitations on its face, since the 2007-2010 time period is beyond even a four-year period and plaintiff has alleged no tolling of any negligence statute of limitations.

Paragraph 68 alleges in conclusory fashion that "PG&E is the appropriate authority for such inspections, and it would have behooved the corporation to follow its own protocols and honor its commitments. PG&E had clear proof that the City had been abusing its authority and falsely claiming there was an electrical hazard, when there was none." Again, there is no basis for the allegation that PG&E, as the utility service provider, somehow had a duty to inspect Plaintiff's electrical improvements throughout the two properties, to the exclusion of the local government agency, or that PG&E had a duty to act on an alleged abuse of authority by the City, even had PG&E observed such abuse.  And, again, the alleged 2009 email dates back to more than 5 years prior to the June 2014 filing of the original complaint herein.

Finally, plaintiff alleges at paragraph 77 that "PG&E could have helped to save the property if they had not disconnected the electricity at the property which prevented refinance." Nothing in this allegation supports any cognizable claim for relief against PG&E.

Following plaintiff's factual allegations, he asserts his apparent claims for relief beginning at paragraph 78 of the Amended Complaint:

- Civil Rights Violations.
- Inverse Condemnation.

- Discrimination, Retaliation, Elder Abuse, and Harassment and Denial of Reasonable Accommodation.
- Fraud.
- Wrongful Arrest and Abuse of Process.

Of these claims, all arise out of the alleged acts and omissions of defendants City of Berkeley or the Berkeley Housing Authority in exercising their authority to regulate the maintenance and improvement of real property within their jurisdiction. The claim of fraud seems to be the only claim that does not emanate solely from the City's official actions, but even here, none of the allegations mentioning PG&E in the seven paragraphs referred to above even relate to fraud, and there are no allegations of the fundamental elements of a fraud claim (false or misleading representation by defendant; knowledge of the falsity; reasonable reliance on the misrepresentation; . . . .). Nothing in the allegations about PG&E sound remotely in fraud. If plaintiff were alleging fraud by PG&E, he has a duty to plead with specificity, under Fed. R. Civ. Proc. 9, as discussed in section II. A., above.

Because the primary documents reflecting the actions complained of herein are the City's orders to vacate the property, abate the nuisance, and to terminate electrical service to the properties, they are essential to understanding the narrative recited by plaintiff. Plaintiff references the City's actions at ¶¶ 40-42 in which he is ordered on August 29, and September 5, 2007 to vacate, during which time the city inspected his properties and determined them unsafe, and which actions were then confirmed in writing by those September 7 and 21, 2007 orders to vacate and abate, including an order to terminate electrical service to the properties. Those two orders are attached to the Lee Declaration, filed concurrently herewith.

The City's September 7, 2007 order as to the Dwight Way property provides, in part:

"Due to the severity of the life safety threats presented by the electrical hazards, the office of the Building Official has, pursuant to BMC section 19.30.040, directed PG&E to interrupt your 1700 Dwight Way service connection on August 29, 2007, until all electrical code violations have been corrected."

6   MPA ISO DEFENDANT PG&E'S MOTION TO DISMISS AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, Case No. CV-14-02922-MMC

BMC section 19.30.040 (as of August 2007) provides:

"<u>Authority to disconnect utilities in emergencies.</u> CEC Section 89.108.9.3 is added to read as follows: The Building Official or his or her authorized representative shall have the authority to disconnect electrical power or other energy service supplied to the building, structure or building service equipment therein regulated by this code in case of emergency where necessary to eliminate an immediate hazard to life or property. The building official or his or her authorized representative shall, wherever possible, notify the serving utility, the owner and occupants of the building . . . of the decision to disconnect prior to taking such action . . . ."

The City's September 21, 2007 order as to the McGee Avenue property similarly provided:

"Due to the severity of the life safety threats presented by the electrical hazards, the Fire Marshal has, pursuant to BMC section 19.48.020, directed PG&E to interrupt your 2507/2509 McGee Avenue service connection on September 6, 2007, until all electrical code violations have been corrected."

BMC section 19.48.020 is the City's adoption of the lengthy California Fire Code, as the Berkeley Fire Code, and provides the Fire Chief and certain other officials with the authority to abate a fire nuisance (Section 104.13) and to "perform . . . the necessary work [to abate the hazardous conditions where owner does not comply with the abatement order]."

Plaintiff's Amended Complaint ¶¶ 40-42 are clearly references to the actions taken by the City pursuant to the September 7 and 21 Orders, and therefore must be incorporated herein by reference under the authorities cited above. Those Orders are attached to the Lee Declaration filed concurrently herewith.

In sum, plaintiff has failed to state a claim for relief because none of the articulated claims (bulleted at pages 5 and 6 above) applies to PG&E, in that they relate to the City's action. The fraud claim fails because plaintiff has failed to allege, with the specificity required by Fed. R. Civ. Proc. 9, the elements of that claim.

We turn now to the other defenses which provide this Court with the authority to dismiss the complaint as to PG&E.

### C. Any Plausible Claim for Relief is Barred by the Statute of Limitations

Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies. The complaint fails to state a claim because the action is time-barred. *Frame v. City of Arlington* 657 F.3d 215, 239-240 (5th Cir. 2011). In addition, the plaintiff is required to plead around the affirmative defense if disclosed on the face of the complaint. Plaintiff must show why defendant is estopped in order to state a claim upon which relief can be granted. *Xechem Inc. v. Bristol-Myers Squibb Co.,* 372 F3d at 901 (7th Cir. 2004).

Plaintiff's allegations do not articulate comprehensible claims for relief, so PG&E can only speculate as to the applicable statutes of limitation. Simply providing a heading with the term "fraud" is insufficient to put PG&E on notice of the basis for PG&E's liability. Whether it is fraud or negligence, the statute of limitations is three years. Cal. Civ. Proc. Code §338.

### D. Any Plausible Claim for Relief is Barred by Res Judicata and Collateral Estoppel

This action is barred by the principles of res judicata because plaintiff has already litigated the dispute with PG&E, based upon the same alleged acts and transactions, in an evidentiary hearing before ALJ Robert Barnett. *Pacific Lumber Co. v. State Water Resources Control Board* (2006) 37 Cal. 4th 921 (the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding). On July 6, 2011, plaintiff, as the founder of the claimant and occupant of the subject property, International Institute of Bengal Bay, and the real-party-in-interest, filed a complaint with the CPUC, seeking an order the PG&E restore electric power to his properties. A trial was held on September 30, 2011. In that proceeding, plaintiff Ghosh claimed that he had resolved all electrical deficiencies on both of his Berkeley properties, and sought an order requiring PG&E to restore service to the buildings. PG&E responded that the City had concluded that the properties were unsafe and remained so, so that the City would not authorize restoration of service. (See Ex. 5, Decision Denying Relief, page 2).

In its Decision, the CPUC referred to Tariff Electric Rule 11: "PG&E may deny or terminate service to the customer immediately and without notice when …(c) Any governmental

agency, authorized to enforce laws, ordinances or regulations involving electric facilities and/or the use of electricity, notifies PG&E in writing that the customer's facilities and/or use of electricity is unsafe or not in compliance with applicable laws, ordinances, or regulations." (Ex. 5)

After hearing from both sides, the CPUC ruled:

> "The evidence shows that Berkeley, a governmental agency, has notified PG&E that the customer's buildings are unsafe.  Relying on that notice PG&E has terminated electrical service to the two premises. Under Tariff Rule 11, H.3(b) PG&E will not restore service until it receives authorization to restore service from Berkeley.  Complainant's remedy is to resolve the matter with Berkeley. We will not order PG&E to restore electrical service to facilities which have been found unsafe by a governmental agency." (See Ex. 3, page 3).

By this ruling, the CPUC absolved PG&E of responsibility for the termination of service, confirming that the governmental agency, City of Berkeley, had the authority to determine whether service should be restored. Plaintiff must be precluded from asserting any cause of action arising out of these same facts, and/or estopped from re-litigating the same issue, of responsibility for the termination, in this Court.

### E.  The Summons is Defective

The defects in the summons results in a lack of personal jurisdiction. (See Ex. 5 to Lee Decl., and Request for Judicial Notice).  First, plaintiff did not serve a summons associated with the Amended Complaint, only the one issued with the original complaint. Second, it is neither signed nor sealed by the clerk, and is not even dated. In effect, plaintiff did not serve a summons issued by the court, which calls for a response to the plaintiff's Amended Complaint. If the summons is not signed and sealed by the court clerk, it does not confer personal jurisdiction and is considered void. *Ayres v. Jacobs & Crumplar, P. A.*  99 F3d 565, 568 (3rd Cir. 1996); Fed. R. Civ. Proc. 4 (a) (1) (G). Service of an unsigned, unsealed, summons is more than a mere technical defect. *Gianna Enterprises v. Miss World (Jersey) Ltd*, 551 F. Supp. 1348, at 1358.

### F.  Service of the Summons Was Untimely Under the 120-Day Rule

The action must be dismissed as to PG&E because service was not completed within 120 days of filing of the complaint. Fed. R. Civ. Proc. 4 (m).  The complaint was filed on June 24, 2014. Plaintiff's proof of service shows service on PG&E was completed on October 27, 2014,

1  125 days later. If the complaint is amended to add new defendants, the *new defendants* get 120
2  days, but that does not provide plaintiff with an additional 120 days to serve the originally named
3  defendants (such as PG&E).  *Wei v. State of Hawaii,* 763 F2d. 370, 372 (9th Cir. 1985).  Being a
4  pro se plaintiff, and ignorant of the rule, is no excuse. *See Mann v. Castiel,* 681 F3d 368, 376-377
5  (D.C. Cir. 2012); *Thrasher v. City of Amarillo,* 709 F3d 509, 512 (5th Cir. 2013).

### G.  PG&E is Entitled to a More Definite Statement

7  A motion for a more definite statement is proper when the complaint is so vague and
8  ambiguous that the defendant cannot be reasonably required to frame a responsive pleading.
9  Fed.R. Civ. Proc. 12 (e); *Tempur-Pedic Int'l Inc. v. Angel Beds LLC* (S.D. TX 2012) 902 F. Supp.
10 2d 958, 971. While not lacking in length, Plaintiff's pleading is virtually unintelligible. Fed. R.
11 Civ. Proc. 8 requires that pleadings be "clear and concise."  A motion for more a definite
12 statement is required when the complaint fails to adequately specify which of several defendants
13 were responsible for the wrongs alleged by plaintiff. *McHenry v. Renne,* 84 F3d 1172, 1174-1175
14 (9th Cir. 1996).   Here, plaintiff has made no effort to specify what claims, or theories of liability,
15 attach to defendant PG&E, making it impossible to respond.  The specific defects include the lack
16 of specific legal theories or claims which plaintiff asserts, and the specific defendant that plaintiff
17 alleges is responsible for the wrong.

### III.    CONCLUSION

19 For the reasons set forth above, PG&E respectfully requests that the Amended Complaint
20 against it be dismissed in its entirety without leave to amend.

Dated: November 13, 2014                    LEE LAW OFFICES

                              By:    */s/ Kenyon Mark Lee*
                                     Kenyon Mark Lee
                                     Attorneys for Defendant Pacific Gas and
                                     Electric Company

10  MPA ISO DEFENDANT PG&E'S MOTION TO DISMISS AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT,  Case No. CV-14-02922-MMC