IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RASH GHOSH,

    Plaintiff,

v.

CITY OF BERKELEY, et al.,

    Defendants.

No. C-14-2922 MMC

**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE DEFENDANTS; DIRECTIONS TO PLAINTIFF**

Before the Court is plaintiff Rash Ghosh's "Motion to Extend Time to Serve Defendants," filed November 21, 2014. The City Defendants[1] have filed opposition, in which Berkeley Housing Authority and Tia Ingram have joined. Plaintiff has not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for January 16, 2015, and rules as follows.

Under the Federal Rules of Civil Procedure, a defendant must be "served within 120 days after the complaint is filed," and, if not, the district court must "dismiss the action without prejudice against that defendant or order that service be made within a specified

---

[1] The City Defendants are the City of Berkeley, Zachary D. Cowan, Laura McKinney, Mark Rhoades, Joan MacQuarrie, Matthew LeGrant, Patrick Emmons, Greg Heidenreich, and Malcolm D. Prince.

time." See Fed. R. Civ. P. 4(m).

Plaintiff filed his initial complaint on June 24, 2014, and did not effectuate service of process on any defendant prior to the expiration of the 120-day period. By the instant motion, plaintiff states he effectuated service of process on all defendants as of November 19, 2014, and requests the Court extend the deadline to November 19, 2014, i.e., a date 149 days after June 24, 2014.[2]

In their opposition, the City Defendants argue plaintiff has failed to demonstrate good cause for his failure to complete service of process within 120 days of the filing of the initial complaint. Even assuming, arguendo, plaintiff has not shown good cause for the extension sought,[3] a district court has discretion to extend the deadline in the absence of such showing. See Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007) (holding Rule 4(m) "permits the district court to grant an extension even in the absence of good cause"). Here, in light of the relatively short length of the requested extension, and given that the City Defendants had actual notice of the lawsuit shortly after the 120-date period expired and do not assert any prejudice from the delay in service, the Court finds it appropriate to extend the service deadline to November 19, 2014, nunc pro tunc.[4]

---

[2] Plaintiff named thirteen defendants in his initial complaint, and, in an Amended Complaint filed October 22, 2014, named three additional defendants. Where a defendant is first named in an amended complaint, the 120-day period set forth in Rule 4(m) begins to run on the date the amended complaint is filed. See McGuckin v. United States, 918 F.2d 811, 813 (9th Cir. 1990). Because the 120-day period to serve the three defendants first named in the Amended Complaint has not yet expired, the Court construes the instant motion as a request to extend the deadline to serve the thirteen defendants named in the initial complaint, each of whom was renamed in the Amended Complaint.

[3] In support of his motion, plaintiff submitted a declaration in which he states he has various medical conditions, such as "vision loss" and "joint pain" (see Pl.'s Decl. ¶ 5), but does not explain how such ailments precluded him from obtaining the services of a process server and directing said individual(s) to serve defendants within the 120-day period set forth in Rule 4(m).

[4] The City Defendants also argue that the service made on them was deficient for reasons other than timeliness, e.g., that the summons did not list the names of all defendants. Any challenge to the sufficiency of service, however, must be made in either a "responsive pleading," i.e., an answer, or in a "motion." See Fed. R. Civ. P. 12(b); see also Fed. R. Civ. P. 12(h) (setting forth circumstances under which defense based on insufficient service is deemed waived). Consequently, the Court does not further consider the sufficiency of service at this time.

Accordingly, plaintiff's motion is hereby GRANTED.

Lastly, as noted above, plaintiff states he effectuated service on all defendants as of November 19, 2014.  The Court's review of the docket, however, indicates that plaintiff has not filed proof of service of the summons and complaint on defendant Benjamin McGrew ("McGrew"), who was named in the initial complaint and who has not, to date, appeared in the instant action.[5]

Accordingly, plaintiff is hereby DIRECTED to file, no later than January 23, 2015, proof of service as to McGrew.

**IT IS SO ORDERED.**

Dated:  January 12, 2015

MAXINE M. CHESNEY
United States District Judge

---

[5]Plaintiff has filed two documents indicating that, prior to November 19, 2014, he had requested McGrew waive service.  (See Docket, Documents No. 38, 40.)  Plaintiff, however, has not filed a waiver of service, and in the absence of a waiver from McGrew, is required to file proof of service of the summons and complaint.  See Fed. R. Civ. P. 4(d)(4).

3