United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   RASH GHOSH,                              No. C-14-2922 MMC

12              Plaintiff,                     **ORDER GRANTING DEFENDANTS'**
                                               **MOTIONS TO DISMISS; DISMISSING**
13      v.                                     **AMENDED COMPLAINT; AFFORDING**
                                               **PLAINTIFF LEAVE TO AMEND;**
14   CITY OF BERKELEY, et al.,                 **CONTINUING CASE MANAGEMENT**
                                               **CONFERENCE; VACATING JANUARY**
15              Defendants.                    **16, 2015 HEARING**
                                          /
16

17         Before the Court are three motions to dismiss plaintiff Rash Ghosh's Amended

18   Complaint ("AC"):  (1) "Motion to Dismiss," filed November 13, 2014 by the City of Berkeley,

19   Zachary D. Cowan, Laura McKinney, Mark Rhoades, Joan MacQuarrie, Matthew LeGrant,

20   Patrick Emmons, Greg Heidenreich, and Malcolm D. Prince (collectively, "the City

21   Defendants"); (2) "Motion to Dismiss Amended Complaint as to Defendant PG&E or, in the

22   Alternative, for a More Definite Statement," filed November 13, 2014 by Pacific Gas and

23   Electric Company ("PG&E"); and (3) "Motion to Dismiss," filed November 17, 2014 by the

24   Berkeley Housing Authority and Tia Ingram (collectively, "BHA").  Plaintiff Rash B. Ghosh

25   has filed opposition to each motion; defendants have separately replied.  Having read and

26   considered the papers filed in support of and in opposition to the motions, the Court deems

27   //

28   //

1  the matters appropriate for determination on the parties' respective written submissions,[1]

2  VACATES the hearing scheduled for January 16, 2015, and rules as follows.

3  **A. PG&E: Service of Process**

4      In its motion, PG&E argues it is entitled to dismissal, pursuant to Rule 12(b)(4) of the

5  Federal Rules of Civil Procedure, on the ground it has not been served with a summons

6  signed by the Clerk of Court.[2]

7      Rule 4 provides that a summons must "be signed by the clerk." See Fed. R. Civ. P.

8  4(a)(1)(F). Here, PG&E offers a copy of the summons it received, which document lacks

9  the signature of the Clerk. (See Lee Decl., filed November 13, 2014, ¶ 6, Ex. 5.) Plaintiff

10  has not offered any contrary evidence, and, consequently, has failed to meet his burden to

11  show he properly served PG&E. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir.

12  2004) (holding where defendant challenges service, plaintiff has "burden of establishing

13  that service was valid under Rule 4").

14      The Court next considers whether the failure to comply with Rule(a)(1)(F) entitles

15  PG&E to relief. In the absence of a showing of prejudice, which showing PG&E does not

16  make, a "technical error" in the form of a summons does not "invalidat[e] the process. See

17  United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th

18  Cir. 1984) (internal quotation and citation omitted). PG&E argues, however, that a failure

19

---

20      [1]On January 8, 2015, after briefing on the motions was complete, plaintiff filed two

21  declarations and a request for judicial notice. Under the Local Rules of this District, with two exceptions inapplicable to the instant matter, "[o]nce a reply is filed, no additional

22  memoranda, papers or letters may be filed without prior Court approval." See Civil L.R. 7-3(d). Plaintiff did not seek, let alone obtain, leave to submit the January 8, 2015 filings,

23  and, accordingly, those filings are hereby STRICKEN. The Court notes, however, that consideration of the January 8, 2015 filings would not affect the Court's ruling set forth

24  below, as said filings do not address the issues the Court considers herein. The Court further notes that plaintiff, in violation of the Local Rules of this District, failed to provide a

25  chambers copy of any of his January 8, 2015 filings. See Civil L.R. 5-2(b). Plaintiff is hereby DIRECTED to provide a chambers copy of all future filings.

26      [2]PG&E additionally argues that the service was untimely; in their respective motions,

27  the City Defendants and BIA likewise assert the untimeliness of service. By separate order filed concurrently herewith, the Court has granted plaintiff's motion for an extension of time

28  to serve defendants. Consequently, to the extent the motions to dismiss rely on the untimeliness of service, the motions are moot.

1    to comply with Rule 4(a)(1)(F) is not technical in nature.  The Court agrees; no court has

2    found the lack of a clerk's signature constitutes a technical error, cf. id. (identifying, as

3    examples of "technical error[s]" in summons, failure to "name all of the defendants" and

4    stating "incorrect time for filing of the answer"), and, indeed, those courts to have

5    considered the matter have found a failure to serve a summons signed by the clerk renders

6    the service invalid.  See, e.g., Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569-70 (3rd

7    Cir. 1996) (holding service of summons not signed by clerk is "a nullity," as unsigned

8    summons "does not confer personal jurisdiction over the defendant"); Taylor v. Logic 20/20

9    Inc., 2014 WL 1379603, at *3 (W.D. Wash. April 8, 2014) (holding failure to comply with

10   Rule 4(a)(1)(F) "is not a mere technicality" and, consequently, service "attempt" consisting

11   of delivery of summons unsigned by clerk "does not satisfy Rule 4").  Consequently, the

12   Court finds PG&E is entitled to relief in light of plaintiff's failure to comply with Rule

13   4(a)(1)(F).

14        The Court next considers the type of relief to which PG&E is entitled, specifically,

15   whether it is entitled to an order of dismissal or an order quashing service.  See S.J. v.

16   Issaquah School Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006) (holding, where service

17   of process is insufficient, district court has "discretion to dismiss [the] action or quash

18   service").  Courts have recognized that "when there exists a reasonable prospect that

19   service may yet be obtained," the appropriate remedy is to quash service and afford the

20   plaintiff leave to "effect proper service."  See Umbenhauer v. Woog, 969 F.2d 25, 30-31

21   (3rd Cir. 1992) (citing authority); see also Hickory Travel Systems, Inc. v. TUI AG, 213

22   F.R.D. 547, 555 (N.D. Cal. 2003) (holding "quashing service is the typical remedy if initial

23   defects in service might be corrected"); see, e.g., Taylor, 2014 WL 1379603, at *4

24   (affording plaintiff, who had served unsigned summons on defendant, extension of time to

25   serve signed summons).

26        Here, as plaintiff has served other defendants with a summons signed by the Clerk

27   (see, e.g., Pl.'s Proof of Service as to Mark Rhoades, filed November 18, 2014 at 2), there

28   exists a reasonable prospect plaintiff could serve a signed summons on PG&E.  Further,

1   given the early stage of the proceeding and no assertion by PG&E that it has been

2   prejudiced by the insufficient service, the Court finds it appropriate to quash service and

3   afford plaintiff leave to properly serve PG&E, within the time limit set forth below.

4          Accordingly, to the extent PG&E's motion to dismiss is based on a failure to serve,

5   the motion will be denied and, in the alternative, the Court will quash service on PG&E and

6   afford plaintiff leave to effectuate proper service on said defendant.

7   **B.  All Defendants:  Failure to Provide Fair Notice of Claims**

8          In their respective motions, the City Defendants, PG&E and BIA contend plaintiff, in

9   violation of Rule 8(a), has failed to provide fair notice as to the nature of his claims.

10         Rule 8(a) requires a complaint to contain "a short and plain statement of the claim

11  showing that the pleader is entitled to relief."  See Fed. R. Civ. P. 8(a)(2).  A complaint

12  complies with Rule 8(a) when it "sets forth who is being sued, and on what theory, with

13  enough detail to guide discovery."  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir.

14  1996).  By contrast, a complaint that lacks "simplicity, conciseness and clarity as to whom

15  [a plaintiff is] suing for what wrongs, fails to perform the essential functions of a complaint,"

16  and is subject to dismissal.  See id. at 1180; see also Cafasso v. General Dynamics C4

17  Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (noting, "[w]hile the proper length and

18  level of clarity for a pleading cannot be defined with any great precision, Rule 8(a) has been

19  held to be violated by a pleading that was needlessly long, or a complaint that was highly

20  repetitious, or confused, or consisted of incomprehensible rambling") (internal quotation

21  and citation omitted).

22         Here, the AC, in which plaintiff has named sixteen defendants, consists of thirty-nine

23  pages of text, to which plaintiff has attached approximately twenty-six exhibits, many with

24  multiple sub-parts.  The text of the AC, read in light of the exhibits, generally refers to real

25  property that was previously owned by plaintiff and has been the subject of permit disputes

26  over the course of more than two decades.  (See, e.g., AC ¶ 8 (referring to "Permit 91-

27  2004" as having been "opened" in 1991); AC ¶ 15 (stating "Permit 98-2018" was "created

28  without [p]laintiff's knowledge" in 1998); AC ¶ 86 (alleging City of Berkeley, on unidentified

4

1   date or dates, "recycled . . lies" regarding "revised building permit plans").)  The AC also

2   refers to various state court actions that have, or may have, addressed some of the court

3   rulings and administrative acts alluded to in the AC and/or the present status of the subject

4   real property.  (See, e.g., AC ¶¶ 20, 53-54, 57; see also Exs. B1, B2, and N1.)

5          The AC, however, fails to give the moving defendants notice of the particular claim

6   or claims plaintiff is pursuing in this action.  Specifically, it is unclear whether plaintiff's

7   references to permits issued as far back as the early 1990s, as well as references to court

8   decisions concerning some of those permits and other matters pertaining to plaintiff's real

9   property, are meant to provide background for the claim(s) plaintiff seeks to assert in the

10  instant action, or whether plaintiff intends in the instant action to seek review of all or some

11  of the permits and related decisions.  If the former, the AC "consists largely of immaterial

12  background information," see McHenry, 84 F.3d at 1177, while lacking sufficient

13  identification of the actual claims plaintiff intends to pursue in this action.  If the latter,

14  defendants have the right to sufficient notice of the claims to determine if it is appropriate to

15  raise at the pleading stage affirmative defenses, such as the statute or limitations or claim

16  preclusion, to avoid the burden of discovery.  See, e.g., Scott v. Kuhlmann, 746 F.2d 1377,

17  1378 (9th Cir. 1984) (affirming dismissal at pleading stage of claim that previously was

18  "rejected" by a court in an earlier lawsuit brought by plaintiff); Weisbuch v. County of Los

19  Angeles, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (holding where complaint pleads allegations

20  "compelling" a particular decision, there is no need for "depositions and other expensively

21  obtained evidence on summary judgment to establish[ ] the identical facts").

22         In sum, the Court and defendants "cannot determine from the [AC] who is being

23  sued, for what relief, and on what theory, with enough detail to guide discovery," as the AC

24  fails to include "clear and concise averments stating which defendants are liable to [plaintiff]

25  for which wrongs."  See McHenry, 84 F.3d at 1178.

26         Accordingly, as to the moving defendants, the AC is subject to dismissal for failure to

27  comply with Rule 8(a).  Further, the failure to comply with Rule 8(a) is a deficiency wholly

28  applicable to those defendants who have yet to appear, and, consequently, the AC will be

1   dismissed as to all defendants.  See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345

2   (9th Cir. 1981) (holding, where court grants motion to dismiss as to one defendant, court

3   may dismiss claims against non-moving defendants "in a position similar to that of moving

4   defendants").

5          In his oppositions to the motions, plaintiff requests leave to amend to clarify the

6   basis for his claims, which leave the Court will grant.  See, e.g., Schmidt v. Herrmann, 614

7   F.2d 1221, 1223 (9th Cir. 1980) (noting, where plaintiff's complaint failed to comply with

8   Rule 8(a), district court, prior to dismissing action with prejudice, afforded plaintiff leave to

9   amend complaint).  Specifically, plaintiff will be afforded leave to amend "to present a short,

10  simple, concise, and direct statement respecting the alleged wrongdoing of each

11  [defendant]," see id., and to "state[ ] clearly how each and every defendant violated

12  [plaintiff's] legal rights," see McHenry, 84 F.3d at 1176.

13                                    **CONCLUSION**

14         For the reasons stated above, defendants' motions to dismiss are hereby

15  GRANTED, and the Amended Complaint is hereby DISMISSED as to all defendants.

16         Plaintiff's request for leave to amend is hereby GRANTED, and plaintiff shall file any

17  Second Amended Complaint ("SAC") no later than February 6, 2015.

18         Plaintiff's attempt at service on PG&E is hereby QUASHED, and the deadline for

19  service on PG&E is EXTENDED.  Specifically, if plaintiff elects to allege claims against

20  PG&E in any SAC, plaintiff is hereby DIRECTED to serve PG&E with a valid summons and

21  the SAC no later than February 21, 2015, and, further, to file proof of such service no later

22  than February 28, 2015.

23         In light of the above, the Case Management Conference is hereby CONTINUED

24  from February 13, 2015 to May 1, 2015, at 10:30 a.m.  A Joint Case Management

25  Statement shall be filed no later than April 24, 2015.

26         **IT IS SO ORDERED.**

27

28  Dated:  January 12, 2015                    MAXINE M. CHESNEY
                                                United States District Judge

6