IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASH GHOSH,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF BERKELEY, et al.,<br><br>        Defendants.<br>_____/ | No. C-14-2922 MMC<br><br>**ORDER GRANTING BHA DEFENDANTS' MOTION TO DISMISS; GRANTING IN PART AND DEFERRING IN PART RULING ON CITY DEFENDANTS' MOTION TO DISMISS; AFFORDING PARTIES LEAVE TO SUBMIT SUPPLEMENTAL BRIEFING; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY; DENYING PLAINTIFF'S REQUEST TO AMEND; VACATING HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court are two motions to dismiss plaintiff Rash Ghosh's Second Amended Complaint ("SAC"): (1) Motion to Dismiss, filed February 20, 2015, by the Berkeley Housing Authority and Tia Ingram (collectively, "BHA Defendants"); and (2) Motion to Dismiss, filed February 20, 2015, by the City of Berkeley ("the City"), Mayor Thomas H. Bates ("Mayor Bates"), Zachary Cowan ("Cowan"), Laura McKinney ("McKinney"), Mark Rhoades ("Rhoades"), Joan MacQuarrie ("MacQuarrie"), Matthew LeGrant ("LeGrant") and Patrick Emmons ("Emmons") (collectively, "City Defendants"). Plaintiff Rash B. Ghosh ("Ghosh") has filed Opposition, in which he does not oppose the BHA Defendants' motion, opposes in part the City Defendants' motion, and requests

further leave to amend.  The City Defendants have filed a reply.[1]  Having read and considered the parties' respective filings, the Court deems the motions suitable for decision thereon, VACATES the hearing scheduled for April 3, 2015, and rules as follows.

**A.  The BHA Defendant's Motion**

The BHA Defendants contend Ghosh's claims against them are subject to dismissal, as barred by the applicable statutes of limitations and/or by failure to allege compliance with the California Government Claims Act.  In his Opposition, Ghosh states he does not oppose the BHA Defendants' motion to dismiss.  (See Pl.'s Opp. at 1:13.)

Accordingly, the BHA Defendants' motion to dismiss will be granted.

**B.  The City Defendants' Motion**

The City Defendants contend Ghosh's claims are subject to dismissal, as barred by the applicable statutes of limitations, the principles of claim/issue preclusion, and/or failure to allege compliance with the California Government Claims Act.

In his opposition, Ghosh states he does not oppose dismissal of his state law claims against any of the City Defendants (see Pl.'s Opp. at 6:21-23), and does not oppose dismissal of all his claims against Mayor Bates and Emmons (see Pl.'s Opp. at 1:14).

Ghosh does, however, oppose dismissal of his federal claim, specifically, Count IV, as alleged against the City, Cowan, McKinney, Rhoades, MacQuarrie and LeGrant.  Count IV is brought pursuant to 42 U.S.C. § 1983 and is based on Ghosh's allegation that he "owned two neighboring residential properties in the City" (see SAC ¶ 4), until the City "arranged for the [p]roperties to be placed in receivership" and then "transferred" to a "real estate developer" (see SAC ¶¶ 9.A, 28), all assertedly in deprivation of Ghosh's right to due process under the Fourteenth Amendment (see SAC ¶ 73).[2]

---

[1] On March 25, 2015, Ghosh filed a motion for leave to file a sur-reply and, on the same date, the City Defendants filed opposition thereto.  Contrary to Ghosh's argument, the City Defendants' reply does not raise new grounds for dismissal, and, consequently, Ghosh's motion for leave to file a sur-reply is hereby DENIED.

[2] The title of the claim also references the First and Fifth Amendments, neither of which appears applicable under the facts alleged.

1    The City Defendants argue such claim is barred by the statute of limitations and by
2 principles of claim or issue preclusion.  Prior to addressing either such issue, the Court, for
3 the reasons discussed below, finds it appropriate to afford the parties leave to file
4 supplemental briefing to address a threshold issue, specifically, whether plaintiff has
5 adequately alleged a deprivation of due process.  See Gearhart v. Thorne, 768 F.2d 1072,
6 1073 (9th Cir. 1985) (holding, "[i]n order to state a claim under the fourteenth amendment,
7 the complainant must allege facts showing not only that the State has deprived him of a
8 liberty or property interest but also that the State has done so without due process of law")
9 (internal quotation and citation omitted).

10   Ghosh alleges the asserted deprivation occurred in the course of proceedings in the
11 Superior Court of California (see SAC ¶¶ 39, 67), which proceedings culminated in a court
12 order confirming the sale of Ghosh's properties (see Cowan Decl. Ex. I).[3]  It would appear,
13 however, that Ghosh has failed to allege sufficient facts to support his conclusory assertion
14 that the deprivation occurred without due process of law.  In particular, Ghosh's allegation
15 that the Superior Court did not find Ghosh's arguments to be persuasive (see SAC ¶ 67)
16 appears insufficient to support the claim, as "[t]he decision of a state court, involving
17 nothing more than the ownership of property, with all parties in interest before it, cannot be
18 regarded by the unsuccessful party as a deprivation of property without due process of law,
19 simply because its effect is to deny his claim to own such property."  See Tracy v.
20 Ginzberg, 205 U.S. 170, 178 (1907).  To the extent Ghosh alleges he was "out of the
21 country" on one occasion during the state court proceedings and not able to attend a
22 hearing, the nature of which is unidentified (see SAC ¶ 69), such allegation likewise
23 appears insufficient, as the record indicates Ghosh, who brought the state court action
24 (see Cowan Decl. A), was represented by counsel (see id. Ex. J).

---

[3] The City Defendants' request for judicial notice of orders issued by the state trial and appellate courts during the course of the litigation between Ghosh and the City is hereby GRANTED.  See Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that [a court] may take judicial notice of judicial proceedings in other courts.").

3

Accordingly, as the parties have not addressed the issue of whether Ghosh has sufficiently alleged a deprivation of due process, the Court will afford the parties an opportunity to file supplemental briefing to address that issue.

**C. Leave to Amend**

In his opposition, Ghosh asserts that, if given another opportunity to amend,[4] he could clarify the bases for his federal claim. Additionally, in the above-referenced motion for leave to file a sur-reply, Ghosh asserts he has obtained "additional information" concerning Emmons that would support a claim against said defendant. (See Pl.'s Mot. for Leave to File Sur-Reply at 1:17-21.)[5] Ghosh fails, however, to identify any additional facts he could allege to state a claim that he was deprived of property without due process by any defendant, and, consequently, has failed to show the requested further amendment would not be futile as to that issue. See DCD Programs, Ltd. v. Leighton, 833 F.3d 183, 188 (9th Cir. 1987) (observing "futile amendments should not be permitted") (internal quotation and citation omitted).

Accordingly, Ghosh's request for further leave to amend will be denied, without prejudice, and Ghosh may, in his supplement brief, identify any additional facts he could allege to support a cognizable claim.

**CONCLUSION**

For the reasons stated above:

1. The BHA Defendants' motion to dismiss is hereby GRANTED.

2. The City Defendants' motion to dismiss is hereby GRANTED to the extent the motion seeks dismissal of all state law claims alleged against the City Defendants, as well as all claims against Mayor Bates and Emmons; as to the remaining claim, the Court DEFERS ruling until the Court has reviewed the parties' supplemental briefing thereon.

---

[4] By order filed January 12, 2015, the Court afforded Ghosh a prior opportunity to amend.

[5] As noted above, Ghosh has conceded in his opposition that his claims against Emmons, as alleged in the SAC, are subject to dismissal.

4

3. Ghosh and the City Defendants are hereby afforded the opportunity to address the issue of whether Ghosh has adequately alleged a deprivation of due process, as follows:

   a. No later than April 17, 2015, Ghosh shall file his supplemental brief, not to exceed ten pages in length.

   b. No later than May 1, 2015, the City Defendants shall file their supplemental brief, not to exceed ten pages in length.

   c. As of May 1, 2015, the Court will take under submission the issue of whether Ghosh has adequately alleged a deprivation of due process.

4. In light of the above, the Case Management Conference is hereby CONTINUED from May 1, 2015, to June 19, 2015, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than June 12, 2015.

**IT IS SO ORDERED.**

Dated:  April 1, 2015

MAXINE M. CHESNEY
United States District Judge