United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RASH GHOSH,

        Plaintiff,

  v.

CITY OF BERKELEY, et al.,

        Defendants.

_____/

No. C-14-2922 MMC

**ORDER GRANTING DEFERRED PORTION OF CITY DEFENDANTS' MOTION TO DISMISS; DISMISSING COUNT IV; DENYING PLAINTIFF'S REQUEST FOR FURTHER LEAVE TO AMEND; DISMISSING COUNT II WITHOUT PREJUDICE; DIRECTIONS TO CLERK**

Before the Court is the deferred portion of the Motion to Dismiss, filed February 20, 2015, by the City of Berkeley ("the City"), Mayor Thomas H. Bates ("Mayor Bates"), Zachary Cowan ("Cowan"), Laura McKinney ("McKinney"), Mark Rhoades ("Rhoades"), Joan MacQuarrie ("MacQuarrie"), Matthew LeGrant ("LeGrant") and Patrick Emmons ("Emmons") (collectively, "City Defendants").

By order filed April 1, 2015, the Court granted in part and deferred ruling in part on the City Defendants' motion to dismiss. Specifically, in said order, the Court dismissed all state law claims alleged against the City Defendants and all claims alleged against Mayor Bates and Emmons; the Court deferred ruling on plaintiff's claim under 42 U.S.C. § 1983, as asserted against the City, Cowan, McKinney, Rhoades, MacQuarrie and LeGrant, and afforded the parties leave to file supplemental briefing as to that claim. Each party

thereafter filed a supplemental brief.  Having read and considered the parties' respective

supplemental filings,[1] as well as the papers previously filed in support of and in opposition

to the motion to dismiss, the Court rules as follows.

**A.  Motion to Dismiss**

Plaintiff's § 1983 claim is alleged in the Second Amended Complaint ("SAC") as

Count IV.  The claim is based on plaintiff's allegations that he "owned two neighboring

residential properties in the City" (see SAC ¶ 4), until the City "arranged for the [p]roperties

to be placed in receivership" and then "transferred" to a "real estate developer" (see SAC

¶¶ 9.A, 28), which actions by the City Defendants assertedly deprived plaintiff of his right to

due process under the Fourteenth Amendment (see SAC ¶ 73).[2]  Accordingly to plaintiff,

the deprivation occurred as a result of orders issued by the Superior Court of California, in

and for the County of Alameda, confirming the above-referenced sale.  (See SAC ¶¶ 67-69;

Cowan Decl., filed February 20, 2015, Exs. I-K.)[3]

In its order of April 1, 2015, the Court afforded the parties leave to address the issue

of whether the SAC alleges sufficient facts to support plaintiff's conclusory assertions that

he was deprived of his property without due process.  In that regard, the Court noted that

(1) to the extent the § 1983 claim is based on a theory that the state court did not find

plaintiff's arguments persuasive, such a claim did not appear to be cognizable, see Tracy v.

---

[1]Following the completion of supplemental briefing, and without leave of court, plaintiff, on May 7, 2015, filed an Addendum to Supplemental Brief, to which the City Defendants have filed an objection.  Given the purpose of the Addendum, which, in effect, is to withdraw plaintiff's request for leave to amend to add a claim for inverse condemnation (see Pl.s' Addendum to Supp. Brief at 1:2-9), the Court will exercise its discretion to consider said late filing.

[2]As the Court previously noted in its order of April 1, 2015, the title of the claim also references the First and Fifth Amendments, neither of which appears applicable under the facts alleged.

[3]The City Defendants' request for judicial notice of orders issued by trial and appellate courts during the course of several lawsuits brought by plaintiff against the City and certain of its officials and employees, as well as pleadings and other documents filed by plaintiff in those prior court actions, is hereby GRANTED.  See Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that [a court] may take judicial notice of judicial proceedings in other courts.").

1    Ginzberg, 205 U.S. 170, 178 (1907), and (2) to the extent the § 1983 claim is based on a

2    theory that the state court conducted hearings at which plaintiff was not present, the SAC

3    appeared insufficient, as it fails to identify the nature of any such hearings or indicate why

4    the personal attendance of plaintiff was necessary, given plaintiff was represented by

5    counsel during the course of the state court proceedings.

6           In his supplemental brief, plaintiff does not point to any factual allegations in the SAC

7    that would suffice to state a due process deprivation claim.  Moreover, a district court lacks

8    subject matter jurisdiction where, as here, the plaintiff's § 1983 due process claim is based

9    on a theory that the state court erred in its determination of the matter before it; rather, a

10   party challenging a state court decision must seek relief by way of a direct appeal.  See

11   Cooper v. Ramos, 704 F.3d 772, 777-78 (9th Cir. 2012); see also id. at 781-82 (citing

12   "Rooker-Feldman doctrine"; affirming dismissal of procedural due process claim for

13   damages under § 1983 as alleged against parties who prevailed in state court, where claim

14   could "succeed[ ] only to the extent that the state court wrongly decided the issues before

15   it").[4]

16          Accordingly, the deferred portion of the City Defendants' motion to dismiss will be

17   granted, and Count IV will be dismissed.[5]

18   **B.  Leave to Amend**

19          In his opposition to the motion to dismiss, plaintiff requested further leave to amend

20   to allege a claim or claims under § 1983.[6]  As plaintiff did not identify at that time any

21   additional factual allegations he could allege, the Court denied the request, but stated the

22

23          [4]By contrast, a district court has jurisdiction to consider the merits of a claim that the
     plaintiff was not provided due process in the course of an administrative hearing.  See, e.g.,
24   Gearhart v. Thorne, 768 F.2d 1072, 1073-74 (9th Cir. 1985) (considering merits of claim
     alleging plaintiff did not receive due process during "grievance hearing" conducted by
25   defendants).

26          [5]In light of the above ruling, the Court does not address herein the City Defendants'
     additional arguments in support of dismissal.
27

28          [6]Plaintiff previously has amended twice, first, as a matter of right, and, second, with
     leave of court by order filed January 12, 2015.

1   denial was without prejudice to plaintiff's identifying in his supplemental brief any such

2   additional facts.

3        In his supplemental brief, plaintiff, although, as noted, given the opportunity to do so,

4   does not identify any factual allegations he could add in support of the due process

5   deprivation claim asserted in Count IV.  In particular, plaintiff has failed to identify any

6   additional facts he could allege to support a § 1983 claim based on his conclusory

7   allegation that he was "deprived of his opportunity to be heard in court" (see SAC ¶ 67), or

8   to clarify his allegations that "[d]efendants insisted on proceeding in court when [p]laintiff

9   was unable to appear" (see SAC ¶ 68), or that, "[i]n another instance, when he was out of

10  the country[,] the City and its counsel proceeded with the hearing without his presence and

11  failed to give him notice" (see SAC ¶ 69).[7]  Rather, as discussed in greater detail below,

12  plaintiff identifies facts he would allege if afforded a further opportunity to state different

13  claims under § 1983.

14       In his supplemental brief, plaintiff references "four due process-based claims for

15  relief" which he now seeks to allege (see Pl.'s Supp. Brief at 1:5-6, 9-12), the first of which

16  (see id. at 1:20-26), as noted, he has withdrawn (see Pl.'s Addendum to Supp. Brief at 1:2-

17  9).  The remaining three proposed claims are, respectively, that the City Defendants

18  "willfully and wrongfully caus[ed] plaintiff to lose his property without due process of law"

19  (see Pl.'s Supp. Brief at 2:16-18), that the City Defendants engaged in "arbitrary conduct

20  toward plaintiff that shocks the conscience, including lies, false statements, fabricated

21  history and fabrication of records regarding his property" (see id. at 2:21-22), and that the

22  City Defendants "den[ied] him the vested property rights conferred upon him by permits

23

24       [7]Although plaintiff, in his supplemental brief, failed to clarify in any manner the
25  nature of the "hearing" referenced in ¶ 69 of the SAC, it would appear, from an earlier
    complaint plaintiff filed and subsequently voluntarily dismissed (see Cowan Decl. Exs. F,
26  H), that said "hearing" was an administrative hearing conducted by the City in 2001 (see id.
    Ex. F ¶¶ 11-12 (allegation by plaintiff, in complaint against City filed in 2004, that when City
27  conducted "public nuisance proceedings" in 2001 at time plaintiff was in Bangladesh and
    had not received "prior notice" thereof, City violated "fourteenth amendment")).  As
28  discussed below, any claim based on conduct occurring in 2001 would be futile in light of
    the applicable two-year statute of limitations.

4

1   that granted him the right to improve the two buildings on his property" (see id. at 2:24-25).

2   In a section of his supplemental brief titled "Argument," plaintiff includes the factual

3   allegations on which he seeks to base his proposed § 1983 claims.

4        Although plaintiff does not indicate which facts are intended to support which of the

5   above-referenced claims, the Court, as discussed below, finds any proposed due process

6   deprivation claim based on the factual allegations set forth in plaintiff's supplemental brief

7   would be futile, and, consequently, leave to amend will be denied.  See Reddy v. Litton

8   Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny

9   leave to amend when any proposed amendment would be futile.").

10       First, to the extent plaintiff seeks to amend to add § 1983 claims based on

11  allegations that the City Defendants, in 2001, deprived him of due process with respect to

12  the City's adoption of a resolution declaring plaintiff's property to be a nuisance (see Pl.'s

13  Supp. Brief at 3:4-6, 8:17-23), the proposed amendments would be futile.  The issue of the

14  lawfulness of the 2001 resolution was decided, on the merits, against plaintiff in a prior

15  state court action filed by plaintiff against the City and certain City officials; the trial court's

16  decision was affirmed by the California Court of Appeal (see Cowan Decl. Ex. A (holding

17  trial court did not err in finding City's "public nuisance" determination was supported by

18  substantial evidence; rejecting plaintiff's assertion that City deprived plaintiff of "due

19  process" in making said determination)), and the California Supreme Court denied review

20  (see id. Ex. C).  Consequently, the proposed claims would be barred under the doctrine of

21  res judicata.  See Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052-

22  53 (9th Cir. 2007) (holding res judicata bars plaintiff from alleging in federal court cause of

23  action decided against him in state court); Palomar Mobilehome Park Ass'n v. City of San

24  Marcos, 989 F.2d 362, 364-65 (9th Cir. 1993) (holding plaintiff "cannot avoid the preclusive

25  effect of res judicata by failing explicitly to plead federal constitutional violations in a prior

26  state action" where earlier action based on same facts as those alleged in federal action);

27  see also Davis v. County of Maui, 454 Fed. Appx. 582, 583 (9th Cir. 2011) (holding "district

28  //

5

court correctly denied [plaintiff] leave to amend because res judicata would bar relief").[8]

Further, as plaintiff's initial complaint was filed in June 2014 and the proposed additional

claims would be based on conduct occurring in 2001, the proposed amendments would be

futile in light of the applicable two-year statute of limitations.  See Jones v. Blanas, 393

F.3d 918, 927 (9th Cir. 2004) (holding § 1983 claims filed after 2002 in California district

courts are subject to two-year statute of limitations); Sackett v. Beaman, 399 F.2d 884, 892

(9th Cir. 1968) (affirming denial of motion for leave to amend, where proposed claim would

have been barred by applicable statute of limitations).

Second, to the extent plaintiff seeks to amend to add § 1983 claims based on

alleged improprieties by the City regarding permits and variances with respect to plaintiff's

"attic expansion" (see Pl.'s Supp. Brief at 4:5-15), the proposed amendments would be

futile.  Specifically, the "attic" issue was decided against plaintiff in a prior state court

proceeding and the trial court's judgment was affirmed on appeal (see Cowan Decl. Ex. D

(affirming judgment in favor of City on plaintiff's claim that his "attic expansion" was not "a

public nuisance," and finding plaintiff had been provided with "ample due process" by

City)), after which the California Supreme Court denied review (see id. Ex. E).

Consequently, the proposed claims would be barred under the doctrine of res judicata.

See Intri-Plex Technologies, 499 F.3d at 1052-53; Palomar Mobilehome Park Ass'n, 989

F.2d at 364-65.  Additionally, as the claims would be based on conduct occurring no later

//

//

---

[8]Although the City is the only defendant to the instant action that also was named as a defendant in the above-referenced prior action, the basis for the City's liability therein, if any, necessarily would have been based on the conduct of the individual City employees named along with the City as defendants to the instant action.  "Where, as here, the relations between the two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other."  Spector v. El Ranco, Inc., 263 F.2d 143, 145 (9th Cir. 1959); see, e.g., City of Los Angeles v. Superior Court, 85 Cal. App. 3d 143, 154-55 (1978) (holding judgment, on merits, in prior action against plaintiff and in favor of municipality's employees was bar to second action plaintiff brought against municipality based on conduct of same employees).

1    than 2005,[9] the proposed amendments would be futile in light of the applicable two-year

2    statute of limitations.  See Jones, 393 F.3d at 927; Sackett, 399 F.2d at 892.

3          Third, to the extent plaintiff seeks to amend to add § 1983 claims based on

4    allegations that the City "ousted" him from the property in September 2007 (see Pl.'s Supp.

5    Brief at 3:6-7, 4:23-5:6), that the City "ordered PG&E to disconnect the electricity" in 2009

6    (see id. at 3:8-11, 5:6-15), and that the City "secur[ed] and board[ed]" the property in 2009

7    (see id. at 8:23-9:2), the proposed amendments would be futile.  Specifically, plaintiff

8    alleged in a prior state court action that the above-referenced conduct by the City in

9    September 2007 and in 2009 violated his "constitutional rights"; the trial court granted

10   judgment on the pleadings in favor of all defendants named therein and dismissed the

11   action, after which the trial court's decision was affirmed on appeal.  (See Cowan Decl. Ex.

12   O at 1, Ex. Q at 3, 7.)  Under such circumstances, the proposed claims would be barred

13   under the doctrine of res judicata.  See Intri-Plex Technologies, 499 F.3d at 1052-53;

14   Palomar Mobilehome Park Ass'n, 989 F.2d at 364-65.  Additionally, as the claims would be

15   based on conduct occurring in 2007 and 2009, the proposed amendments would be futile in

16   light of the applicable two-year statute of limitations.  See Jones, 393 F.3d at 927; Sackett,

17   399 F.2d at 892.

18         Fourth, to the extent plaintiff seeks to amend to add § 1983 claims based on

19   allegations that he was "denied due process in the performance of the receiver" (see Pl.'s

20   Supp. Brief at 5:24), the proposed amendment would be futile.  Specifically, a receiver

21   appointed by a state court is entitled to absolute immunity,[10] unless the receiver "acted in

22   the clear absence of jurisdiction."  See New Alaska Development Corp. v. Guetschow, 869

23   F.2d 1298, 1303-04 (9th Cir. 1989) (providing, as example of conduct for which receiver

24

25         [9]Although plaintiff has not provided the date(s) on which the events underlying such
     claims occurred, it cannot be disputed that those events occurred no later than 2005, as
26   the California Court of Appeal addressed plaintiff's "attic" claims in a decision dated April
     19, 2005.  (See Cowan Decl. Ex. D.)
27

28         [10]Plaintiff acknowledges, both in the SAC and in his supplemental brief, that the
     receiver was appointed by the Superior Court.  (See SAC ¶ 9.J; Pl.'s Supp. Brief at 6:3-4.)

1   would not be entitled to immunity, "improperly retain[ing] [plaintiff's] assets long after [the

2   state court] entered the final [judgment]").  Here, the supplemental brief identifies no such

3   extra-jurisdictional conduct, see id. at 1303-04 (holding "plaintiff is required to allege the

4   absence of judicial immunity"; further noting allegations that receiver negligently managed

5   assets and charged inappropriate fees were "matters that [plaintiff] should have pursued

6   before [state court judge who appointed receiver]").[11]

7           Fifth, and lastly, to the extent plaintiff seeks to amend to add § 1983 claims based on

8   allegations that the state court granted the City's motion to sell the property to a third party,

9   rather than allow plaintiff to "buy it back," approved a sale price of "1/5th of [the property's]

10  current value" (see Pl.'s Supp. Brief at 3:17-23), and based its decision on a false

11  statement by the City "about the cost of remediation" (see id. at 7:15-20), the proposed

12  amendments would be futile.  Specifically, the proposed claims would be barred under the

13  "Rooker-Feldman doctrine," as any such claim against the City Defendants could "succeed[

14  ] only to the extent that the state court wrongly decided the issues before it."  See Cooper,

15  704 F.3d at 781-82.[12]

16

17      _____

        [11]The supplemental brief does not identify any particular asserted wrongdoing on the

18  part of the receiver.  Nonetheless, it appears plaintiff, by proposing to allege "engineers"
    had opined that "the buildings were structurally sound and posed no danger" and that other

19  "professionals" had opined that the "plumbing and electrical had been fixed and were up to
    grade" (see Pl.'s Supp. Brief at 6:8-14), would allege the receiver erred in not accepting, or

20  otherwise finding persuasive, those experts' opinions.

21      [12]In his supplemental brief, plaintiff asserts the City "work[ed] a fraud on the Superior
    Court."  (See Pl.'s Supp. Brief at 7:4-6.)  A § 1983 claim based on a theory that a defendant

22  prevailed in an earlier court action by engaging in "extrinsic fraud," i.e., "conduct which
    prevents a party from presenting his claim in court," would not be barred by the Rooker-

23  Feldman doctrine.  See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140-43 (9th Cir. 2004);
    see, e.g., Kachig v. Boothe, 22 Cal. App. 3d 626, 633 (1971) (providing, as example of

24  extrinsic fraud, "keeping the unsuccessful party away from the court by a false promise of a
    compromise").  The conduct identified by plaintiff, however, is the City's presentation of

25  assertedly false information to the state court, which conduct "does not raise an issue of
    extrinsic fraud"; rather, "[a]t most it raises an issue of intrinsic fraud."  See Wood v.

26  McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (holding allegation that defendant prevailed in
    state court by submitting "a false and perjured affidavit" did not "raise an issue of extrinsic

27  fraud"; see also, e.g., Sanders v. Del Fierro, 2012 WL 2390754, at *1, *4 (S.D. Cal. June
    22, 2012) (holding district court lacked jurisdiction to consider § 1983 due process claim,

28  where claim based on defendant's having engaged in "intrinsic" fraud in state court,
    specifically, "committ[ing] perjury").

1    Accordingly, plaintiff's request for further leave to amend will be denied.

2    **C. Claims Against Other Defendants**

3    To date, three defendants named in the SAC have not appeared, specifically,

4    Benjamin McGrew ("McGrew"), alleged to be "the receiver for the Superior Court of

5    Alameda County" (see SAC ¶ 9.J.), Korman & Ng, alleged to have appraised plaintiff's

6    property at the request of the receiver (see SAC ¶ 25), and Robert Richarson

7    ("Richarson"),[13] alleged to be "a partner of Korman & Ng" and the "buyer of [plaintiff's]

8    property" (see SAC ¶ 18).

9    Plaintiff's sole claim against McGrew, Korman & Ng, and Richarson, specifically,

10   Count II, titled "Conversion," arises under state law and is alleged against no other

11   defendants.  As the parties are not diverse in citizenship, the Court's jurisdiction over Count

12   II is supplemental in nature.  See 28 U.S.C. § 1367(a).  Where, as here, a court has

13   dismissed all claims over which it has original jurisdiction, it may decline to exercise

14   supplemental jurisdiction over the remaining claims.  See 28 U.S.C. § 1367(c)(3).  Given

15   the early stage of the proceedings and the above-referenced three defendants' lack of

16   appearance to date, the Court declines to exercise supplemental jurisdiction over Count II.

17   Accordingly, Count II will be dismissed, without prejudice to plaintiff's refiling said

18   claim in state court.  See 28 U.S.C. § 1367(d).

19                                   **CONCLUSION**

20   For the reasons stated above:

21   1.  The deferred portion of the City Defendants' motion to dismiss is hereby

22   GRANTED, and Count IV is hereby DISMISSED without leave to amend.

23   2.  Plaintiff's request for further leave to amend to allege additional claims under 42

24   U.S.C. § 1983 is hereby DENIED.

25   //

26

27   ───────────────────────

28   [13]The state court, in its order approving the sale and in a subsequent order
addressing the distribution of the proceeds, listed the name of the buyer as "Robert W.
Richerson."  (See Cowan Decl. Ex. I at 2, Ex. K at 2.)

3.  Count II is hereby DISMISSED, without prejudice to refiling in state court.

4.  The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated:  June 3, 2015

MAXINE M. CHESNEY
United States District Judge